Dear Representative McCallum:
We are in receipt of your request for an Attorney General's opinion regarding the Louisiana Used Motor Vehicle and Parts Commission ("LUMVPC"). You have provided our office with a copy of the minutes of the October 7th, October 31st, and December 7, 2000 meetings of the LUMVPC and seek an opinion on the following questions:
 Status of Mr. Smiley's resignation?
 Whether Mr. Smiley would still qualify to serve as a commissioner when he stated at the October 31st meeting that he was in the process of selling his business?
We begin our response by informing you that it is our policy to refrain from being a fact finder, as we are not in a position to receive evidence and make such determinations. What we can do is provide you with our opinion of the applicable law.
LSA-R.S. 32:772(B) provides:
 B. (1) The terms of the chairman and commissioners shall be coterminous with that of the governor making the appointment and until his successor is appointed and is qualified. The term of office of any member will automatically expire if the member moves out of the public service commission district from which he was appointed. In the event of death, resignation, removal, or automatic expiration of term of any person serving on the commission, the vacancy shall be filled for the unexpired portion of the term in the manner of original appointment.
With regard to your first question, the minutes provided to our office from October 17, 2000 state, "Chairman Roberts furnished a letter of resignation effective October 16, 2000 from Commissioner M. J. Smiley for the board to acknowledge." The above law provides that in the event of a resignation, the vacancy is to be filled for the unexpired portion of the term in the manner of the original appointment. LSA-R.S. 32:772(A) provides for the manner of appointment as follows:
 A. (1) There is hereby created the Louisiana Used Motor Vehicle and Parts Commission within the Department of Economic Development to be composed of twelve members all appointed by the governor with the consent of the Senate. Five members shall be licensed used motor vehicle dealers, one selected from each Public Service Commission district. One member shall be a licensed automotive dismantler or parts recycler, two members shall be consumers selected from the state at large, one member shall be a licensed motorcycle dealer, one member shall be a licensed marine dealer, one member shall be a representative of the recycling industry, and one member shall be a representative of a manufacturer licensed by this commission. Such manufacturer representative shall be a resident of Louisiana. The chairman shall be designated by the governor.
 (2) Of the five members who shall be licensed used motor vehicle dealers, one member shall be a new or used motor home dealer or a new or used travel trailer dealer, or both. The first vacancy occurring on the commission after September 6, 1991 shall be filled by the appointment of a new or used motor home dealer or a new or used travel trailer dealer, or both.
 The minutes of the October 31st meeting state, "He (Chairman Roberts) stated that first off Mr. Smiley (interrupted by Commissioner Davidson) tendered his resignation based as Assistant Director and there was a legal issue arose from a law that was passed in October of 1999 that had not yet been published. Chairman Roberts stated that Mr. Smiley had since sent him a letter rescinding his resignation, which he accepted. He advised that since the original one was not sent to the Governor's Office and the Governor's Office was the only one can approve that."
We are unable to find any provision in law allowing in general an appointed public official to revoke a letter of resignation, nor is there any specific law to that effect in R.S. 32:772. Additionally, we are not able to determine factually if the letter of resignation was ever sent to the appointing authority, in this case the governor. This factual question will have to be determined by the board. Nevertheless, in answer to your first question, under R.S. 42:2, "every public officer in this state except in the case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office." See also, Atty.Gen.Op. No. 93-650, copy enclosed. Thus, Mr. Smiley will continue to serve as commissioner unless and until his successor is inducted into office.
With regard to your second question, R.S. 32:772(B), quoted above, only provides for automatic expiration of a commissioner's term of office if the commissioner moves out of the public service commission district from which he was appointed. Certainly if Mr. Smiley did in fact resign and the governor wished to appoint Mr. Smiley again to the vacant office, Mr. Smiley would have to meet the qualifications of office, as quoted above in R.S. 32:772(A).
Trusting this information to be responsive to your questions, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Enclosure
Date Received: Date Released: February 1, 2001
ANGIE ROGERS LAPLACE Assistant Attorney General
OPINION NUMBER 93-650
RELEASED NOVEMBER 16, 1993
77 — OFFICERS — Local Municipal 84 — PARISHES R.S. 33:3887, R.S. 42:1, R.S. 42:2
Pending the induction into office of his successor, the law requires a member of the St. Mary Parish Sewer District Board of Commissioners to continue to perform the duties of this local appointive office.
Mr. Edward M. Leonard, Jr. Assistant District Attorney St. Mary Parish Courthouse Bldg. Franklin, LA 70538
Dear Mr. Leonard:
You request a response to the following inquiry, as related in your correspondence:
 Pending the appointment of a new member to the St. Mary Parish Sewer District Board of Commissioners, does the member continue to serve even though he has submitted his resignation?
We respond in the affirmative to your question. LSA-R.S. 42:2 governs this situation and provides:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
The commissioner of the St. Mary Parish Sewer District Board occupies a "parish . . . appointive . . . position" under LSA-R.S. 42:1 defining "public office', because the position is "established by the . . . laws of this state" pursuant to LSA-R.S. 33:3887. Further, the use of the word "shall" in LSA-R.S. 42:2 is mandatory, requiring this commissioner to continue to serve until his successor is inducted into office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RI/KLK/ 93-650